LAW OFFICES OF DALE K. GALIPO
  Dale K. Galipo, (Bar No. 144074)
  dalekgalipo@yahoo.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367
Telephone:  (818) 347-3333
Facsimile:   (818) 347-4118

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MARK ANTHONY YOUNG,<br><br>           Plaintiff,<br><br>      vs.<br><br>COUNTY OF LOS ANGELES, et al.,<br><br>           Defendants. | Case No. CV 08-5438-R (RZx)<br><br>**PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**<br><br>PRETRIAL CONFERENCE<br>Date:  June 8, 2009<br>Time:  11:00 a.m.<br>Ctrm:  8<br><br>TRIAL<br>Date:  July 7, 2009<br>Time:  9:00 a.m.<br>Ctrm:  8 |

## I. INTRODUCTION

This in an action for damages brought under 42 U.S.C. § 1983 by Plaintiff Mark Anthony Young, against Defendants Officer Richard Wells and the County of Los Angeles.  All claims stem from the injuries to Plaintiff as a result of an unjustified detention and the use of excessive force by Officer Wells, including but not limited to, pepper-spraying, baton blows, and handcuffing.  Plaintiff also asserts state claims for battery, negligence, and false arrest.

Plaintiff is seeking compensatory damages under § 1983 for the constitutional violations and under his related state claims.  Plaintiff also is seeking punitive damages and attorney fees under 42 U.S.C. § 1988.

## II. CONTENTIONS OF FACT

1. On February 20, 2007, in Lancaster, California, Officer Wells detained and arrested Plaintiff without probable cause.
2. Officer Wells used excessive force against Plaintiff by forcing him onto the floor, pepper-spraying him, striking him with a baton, and handcuffing him, and was deliberately indifferent to his medical needs.
3. Plaintiff never attempted to punch or kick Officer Wells.
4. Plaintiff never verbally threatened Officer Wells.
5. Plaintiff suffered injuries and damages as a result of the arrest and the force used against him by Officer Wells.
6. The County of Los Angeles had an unconstitutional custom and practice of using excessive force.
7. The County of Los Angeles had inadequate training with respect to the use of force.

## III. CONTENTIONS OF LAW

### A. Fourth Amendment Violations: Unlawful Detention and Arrest of Plaintiff and Use of Excessive Force Against Plaintiff

Plaintiff contends that Officer Wells, while acting under the color of law, violated his rights under the Fourth Amendment to be free from an unreasonable seizure when Officer Wells detained him without probable cause and used objectively unreasonable force against him under the circumstances. Officer Wells also denied Plaintiff the immediate medical attention that he needed.

#### 1. Unlawful Detention and Arrest of Plaintiff

If Plaintiff's version of the events prevails, these facts would establish that Officer Wells violated Plaintiff's rights under the Fourth Amendment when he detained and arrested Plaintiff without probable cause. *Beck v. Ohio*, 379 U.S. 89, 91 (1964) ("Whether [an] arrest was constitutionally valid depends . . . upon

whether, at the moment the arrest was made, the officers had probable cause to make it."); *Borunda v. Richman*, 885 F.2d 1384, 1391 (9th Cir. 1988) ("An arrest without probable cause violates the Fourth Amendment and gives rise to a claim for damages under Section 1983.").

### 2. Excessive Force Against Plaintiff

Plaintiff contends that the use of force by Officer Wells, including pepper spraying, baton blows, and handcuffing, was a cause of injuries and damages to Plaintiff.  In general, all claims of excessive force should be analyzed under the objective reasonableness standard of the Fourth Amendment set forth in *Graham v. Connor*, 490 U.S. 386, 397 (1989).  In *Graham v. Connor*, 490 U.S. 386 (1989), the Supreme Court held that police officers may only use force that is objectively reasonable.  In *Graham*, the Supreme Court lists as the relevant factors for determining the reasonableness of a police use of force: "[1] the severity of the crime at issue, [2] whether the suspect poses an immediate threat to the safety of the officers or others, and [3] whether he is actively resisting arrest or attempting to evade arrest by flight."  Plaintiff contends that the use of force was unreasonable under the circumstances.

### B. Fourteenth Amendment Claim for Failure to Provide Timely Medical Assistance

In *Estelle v. Gamble*, 429 U.S. 97 (1976), the Supreme Court established that deliberate indifference to the serious medical needs of a convicted prisoner violates the Eight Amendment's prohibition against cruel and unusual punishment and gives rise to a cause of action under section 1983.  In *Hare v. City of Corinth*, 74 F.3d 633 (5th Cir. 1996), the court concluded that there was no constitutionally significant distinction between the rights of pretrial detainees and convicted prisoners to basic human needs, including the need for medical attention.

### C. *Monell* Claim

Plaintiff contends that Officer Wells was acting pursuant to an unconstitutional pattern and practice of the Defendant County of Los Angeles of using excessive force against individuals. Plaintiff further contends that Officer Wells was not trained properly in the use of force. Due to his inadequate training, Officer Wells used force against Plaintiff and restrained him as if he was a violent criminal.

### D. Damages

Plaintiff claims compensatory damages for his medical expenses, pain and suffering, loss of enjoyment of life, emotional distress, mental anguish, and loss of earnings. Plaintiff further claims attorney fees under § 1988 and punitive damages.

### PLAINTIFF'S CLAIMS

Claim 1: Officer Wells detained and arrested Plaintiff without probable cause in violation of the Fourth Amendment.

Claim 2: Officer Wells used excessive force against Plaintiff in violation of the Fourth Amendment.

Claim 3: Officer Wells acted with deliberate indifference in failing to provide medical assistance for Plaintiff in violation of the Fourteenth Amendment.

Claim 4: The County of Los Angeles has a custom and practice of using excessive force against individuals and failing to train their subordinate officers in dealing with individuals in medical distress and inadequate training with respect to use of force.

Claim 5: Battery.

Claim 6: Negligence.

Claim 7: False arrest.

## ELEMENTS REQUIRED TO ESTABLISH PLAINTIFF'S CLAIMS

<u>Claim 1</u>: (i) the acts of Officer Wells were intentional; (ii) Officer Wells acted under color of law; (iii) Officer Wells seized Plaintiff's person; (iv) the seizure was unreasonable.

*See* Ninth Circuit Manual of Model Jury Instructions 2007, No. 9.18.

<u>Claim 2</u>: (i) the acts of Officer Wells were intentional; (ii) Officer Wells acted under color of law; (iii) Officer Wells used excessive force against Plaintiff; (iv) the excessive force was a cause injury, damage, or harm to Plaintiff.

*See* Ninth Circuit Manual of Model Jury Instructions 2007, No. 9.22; *Graham v. Connor*, 490 U.S. 386, 397 (1989).

<u>Claim 3</u>: (i) the acts of Officer Wells were intentional; (ii) Officer Wells acted under color of law; (iii) Officer Wells knew of Plaintiff's serious medical need and disregarded it; (iv) Officer Wells's acts caused injury to Plaintiff.

*See* Ninth Circuit Manual of Model Jury Instructions 2007, No. 9.25; *Estelle v. Gamble*, 429 U.S. 97 (1976).

<u>Claim 4</u>: (i) liability of an underlying constitutional violation by a municipal employee; (ii) the acts of a municipal employee deprived Plaintiff of his particular rights under the United States Constitution; (iii) the municipal employee acted pursuant to an unconstitutional official custom and practice of the County; (iv) there was a failure to train Officer Wells in the use of force.

*See* Ninth Circuit Manual of Model Jury Instructions 2007, No. 9.4; *Gibson v. County of Washoe*, 290 F.3d 1175, 1193 (9th Cir. 2002); *Webb v. Sloan*, 330 F.3d 1158, 1164 (9th Cir. 2003).

<u>Claim 5</u>: (i) Officer Wells used unreasonable force against Plaintiff; (ii) the unreasonable force caused injury to Plaintiff.

*See* CACI 1305.

<u>Claim 6</u>:  (i) Officer Wells failed to use reasonable care to prevent harm to Plaintiff; (ii) Officer Wells's negligence was a substantial factor in causing harm to Plaintiff.

*See* CACI 400, 401.

<u>Claim 7</u>:  (i) Officer Wells arrested Plaintiff without a warrant; (ii) Plaintiff was harmed; (iii) Officer Wells' conduct was a substantial factor in causing Plaintiff's harm.

*See* CACI 1401.

## IV. EVIDENCE RELIED ON BY PLAINTIFF IN SUPPORT OF HIS CLAIMS

1. Officer Wells did not have any information that Plaintiff had committed any crime;
2. Officer Wells did not observe Plaintiff commit any crime;
3. Officer Wells did not have an arrest warrant for Plaintiff;
4. Plaintiff did not pose a threat to Officer Wells or anyone else;
5. Plaintiff was not armed at any time during his encounter with Officer Wells;
6. Plaintiff never hit or attempted to hit Officer Wells;
7. Officer Wells unreasonably restrained, arrested, pepper-sprayed, batoned, and handcuffed Plaintiff;
8. Plaintiff suffered injuries and other damages as a result of the unjustified arrest and excessive force by Officer Wells;
9. Officer Wells did not timely provide medical assistance for Plaintiff.
10. Plaintiff will rely on the testimony of Officer Richard Wells, Deputy M. Berk treating physicians, and Plaintiff.  Plaintiff also will rely on photos of Plaintiff, medical records, medical bills, photos and diagrams of the scene, and investigation reports set forth in his Exhibit List.

## V.  BIFURCATION OF ISSUES

None requested by Plaintiff.

## VI.  THE TRIAL IS BY JURY

The issues herein are triable to a jury as a matter of right.  The parties made a timely demand for trial by jury.

## VII.  ATTORNEY'S FEES

Attorney fees are allowed to the prevailing party pursuant to 42 U.S.C. § 1988.

## VIII.  ABANDONMENT OF ISSUES

None.

## IX.  WITNESS LIST

Plaintiff is serving and filing under separate cover his witness list.

DATED:  May 22, 2009                    LAW OFFICES OF DALE K. GALIPO

                                        By_____/s/ Dale K. Galipo_____
                                            Dale K. Galipo
                                            Attorneys for Plaintiffs