LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, (Bar No. 144074)
dalekgalipo@yahoo.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California  91367
Telephone:   (818) 347-3333
Facsimile:    (818) 347-4118

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MARK ANTHONY YOUNG,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>COUNTY OF LOS ANGELES, et al.,<br><br>　　　　　Defendants. | Case No. CV 08-5438-R (RZx)<br><br>**PLAINTIFF'S OBJECTIONS TO DEFENDANTS' PROPOSED ORDER RE: MOTION FOR SUMMARY JUDGMENT**<br><br>Date:　None<br>Time:　None<br>Ctrm:　8 |

　　　　Plaintiff Mark Anthony Young hereby objects to the proposed Order submitted by Defendants in connection with their Motion for Summary Judgment. As set forth below, Defendants' proposed Order should be reconsidered and rejected.

**I.　　DEFENDANTS' PROPOSED ORDER IS NOT CONSISTENT WITH THE COURT'S PRIOR RULINGS**

　　　　The Court's Amended Minute Order entered on July 13, 2009 states: "The Court GRANTS the motion for summary judgment as to all remaining causes of action, for the reasons as stated on the record." The proposed order submitted by Defendants, however, contains many findings that were not made by the Court on the record during the hearing. These include, at a minimum, subparts 1 through 5

and subpart 7 under section B, relating to Probable Cause to Arrest (Proposed Order at 2:15-3:7), subparts 1 through 3 and subpart 5 under section C, relating to Excessive Force (Proposed Order at 3:9-22), subparts 1 through 4 under section D, relating to Battery (Proposed Order at 3:13-4:9), subparts 1 through 4 and subparts 6 through 7 and subpart 9 under section E, relating to Negligence (Proposed Order at 4:11-5:4), and subparts 1 through 8 under section F, relating to False Arrest (Proposed Order at 5:6-28). Most notably, the Court did not rule on the issue of qualified immunity.

## II. DEFENDANTS' PROPOSED ORDER IS NOT CONSISTENT WITH THE CENTRAL DISTRICT'S LOCAL CIVIL RULES, DUE PROCESS, OR THE INTERESTS OF JUDICIAL EFFICIENCY

To the extent the Proposed Order is based on the untimely Proposed Statement of Uncontroverted Facts submitted by Defendants well after the hearing on the Motion, it is procedurally defective and violates Local Rule 56-1 because the Statement was not served with the notice of motion. Submission of the untimely Proposed Statement, after Plaintiff already responded in detail to the original Statement, does not satisfy notions of fundamental fairness or due process.

In addition, the Proposed Order is deficient in that it fails to state the specific facts giving rise to its resolutions of contested facts and its conclusions of law, does not credit Plaintiff's admissible evidence or reasonable inferences therefrom, and does not rule on Plaintiff's evidentiary objections to Defendants' proffered evidence. *See Couveau v. American Airlines, Inc.*, 218 F.3d 1078, 1081 ("A summary judgment order that fails to disclose the district court's reasons runs contrary to the interest of judicial efficiency by compelling the appellate court to scour the record in order to find evidence in support of the decision. It also increases the danger that litigants, whether they win or lose, will perceive the judicial process to be arbitrary and capricious." (citations omitted)); *Hollingsworth*

*Solderless Terminal Co. v. Turley*, 622 F.2d 1324, 1335 n.9 ("In general, only admissible evidence may properly be considered by a trial court in granting summary judgment."). The Proposed Order also does not address the parties' arguments as set forth in their respective memoranda, including the issues regarding the lawfulness of Deputy Wells's order, protection of Plaintiff's speech under the First Amendment, whether Plaintiff merely "failed to respond with alacrity" to the order, the *Graham v. Connor* factors for excessive force, and the burden-shifting of probable cause under Plaintiff's state law claim.

Accordingly, Defendants' proposal runs contrary to the Court's prior rulings, the Local Rules, due process, and judicial efficiency and as such should be reconsidered and rejected.

Respectfully submitted,

DATED:  July 30. 2009            LAW OFFICES OF DALE K. GALIPO

                                 By:       /s/ Dale K. Galipo
                                     Dale K. Galipo
                                     Attorneys for Plaintiff